THE FARMERS' LOAN AND TRUST COMPANY, AS TRUSTEE, RESPONDENT, *v.* THE UNITED LINES TELEGRAPH COMPANY, APPELLANT, IMPLEADED WITH THE BANKERS AND MERCHANTS' TELEGRAPH COMPANY AND OTHERS

*Supplemental complaint — it cannot be used to establish a cause of action when none existed at the time of the commencement of the action.*

After the General Term had decided, upon an appeal from a judgment recovered in this action, that the plaintiff had no cause of action which it could enforce, certain acts were done by it to meet the objections taken upon the trial before the Special Term, and upon the appeal to the General Term:

*Held,* that an order granting leave to the plaintiff to file a supplemental complaint pleading these acts should be reversed.

*Malcolm* v. *Allen* (49 N. Y., 448); *Haddow* v. *Lundy* (59 id., 320) distinguished.

APPEAL from an order made at Special Term, granting leave to the plaintiff to file and serve a second supplemental complaint.

*R. H. Griffin*, for the appellant.

*H. B. Turner*, for the respondent.

PER CURIAM:

The record in this case shows that the acts which were done, to plead which leave to file a supplemental complaint was granted, were such as were suggested to the plaintiff, in order that the objections which had been raised by their proceedings upon the trial of the case before the Special Term, and upon the appeal to the General Term, might be met.

It seems to have been conceded in the proceedings in this case by the plaintiff, that under the views of the rights of the parties taken by the General Term upon the appeal from the judgment, they had no cause of action which they could enforce. Such being the condition of the record, in order to enable the plaintiffs to supply the deficiency in the facts upon which their right of action depended, they have taken subsequent proceedings, and now ask leave of the court to be allowed to plead their subsequent proceedings for the purpose of showing that at the time at which the action was commenced they had a cause of action. We do not understand, under the authorities cited, that a party has the right by a supplemental complaint to establish a cause of action when none existed at the time of the commencement of the suit. The authorities cited on the part of the respondent do not go that extent. In the case of the mortgage (*Malcolm* v. *Allen*, 49, N. Y., 448) a right of action existed, and after the thirty day clause had expired, an additional right to relief attached which was a mere supplement to the right of action which had previously existed and probably in no way affected the rights of the plaintiff under the Revised Statutes in reference to the foreclosure of the mortgages. So, also, in the case of *Haddow* v. *Lundy* (59 N. Y., 320) the court expressly held that a right of action existed at the time of the filing of the original bill, and that in consequence of subsequent circumstances a different kind of relief became applicable, and that such relief might be obtained in the original action, the general rule being that, if the original bill is sustainable and the supplemental bill only enlarges the extent and changes the kind of relief, such supplemental bill may be sustained.

In the case at bar, however, these subsequent acts sought to be introduced by the supplemental bill, form the foundation of the cause of action, which might not have at all existed without the proof of these additional facts. Under these circumstances it does not

seem proper to allow the plaintiffs to establish a cause of action by the proof of facts happening subsequent to the filing of the original bill.

The order appealed from should be reversed and motion denied with ten dollars costs and disbursements, to abide the final event.

Present — Van Brunt, P. J.; Brady and Daniels, JJ.

Order reversed and motion denied with ten dollars costs and disbursements, to abide the final event.